[3] It appears that a line is missing from paragraph 12 of Commissioner Snyder's affidavit, rendering said affidavit silent as to the date this budget proposal was submitted to the Prison Board. (See Doc. 61-5 ¶ 12). For purposes of this opinion, we will assume the missing sentence included a September 2012 date.
[4] In Counts V and VI, Duran appears to allege claims of age discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"). (Doc. 55 ¶¶ 113, 124). Duran purportedly filed administrative complaints of age discrimination with the Pennsylvania Human Rights Commission ("PHRC"), (id. at ¶ 107), but acknowledged that, as of the filing of his third amended complaint, the PHRC had not reached a decision on the merits of those claims, (id. at ¶ 109). To date, Duran has not moved to further amend his complaint, nor has he provided any supplemental information to the court regarding exhaustion with the PHRC. We are thus constrained to dismiss the PHRA discrimination claims without prejudice. See Clay v. Advanced Comput. Applications, Inc., 522 Pa. 86, 559 A.2d 917, 919-20 (1989).
[5] The causation inquiry under the prima facie case "is not easily distinguishable" from the subsequent analysis of pretext. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 286 (3d Cir. 2000). Moreover, caselaw suggests that a plaintiff need not establish causation as part of his or her prima facie case. See, e.g., Armstrong v. Burdette Tomlin Mem'l Hosp., 438 F.3d 240, 251 (3d Cir. 2006). In the interest of completeness, and because the McDonnell Douglas framework does not require that courts "ration the evidence between one stage or the other," Farrell, 206 F.3d at 286, this court will not limit its consideration of the parties' causation arguments to only the prima facie case or the pretext stage.
[6] The October 10 meeting minutes do note that the Prison Board conducted an "Executive Session" of the meeting to "address Personnel issues." (Doc. 63-16 at 3). Duran's medical leave request or his potential suspension and termination may have been discussed during the executive session.
[7] We note that Duran has not rebutted defendants' evidence with respect to overbilling. His assertion that no overbilling occurred is arguably inconsistent with his memo of September 2012 reporting that incorrect billing did occur in July 2012. (See Doc. 63-12 at 2; Snyder Dep. 80:20-82:4). Because he was fired, he never finished looking into the issue. (Duran Dep. I 26:11-16, 67:3-16). Regardless of this ostensibly legitimate performance issue, Duran has presented evidence of pretext sufficient to meet McDonnell Douglas standards.
[8] In moving for summary judgment on Duran's ADA claims, the County expresses confusion as to the precise nature of those claims and disputes whether Duran properly exhausted a failure to accommodate claim under the ADA. (See Doc. 62 at 14-18; Doc. 64 at 22-23). Duran did not plead a failure to accommodate claim in his third amended complaint premised on the County's January 2012 conduct, (see Doc. 55), nor does he present any substantive argument in support of such a claim in his brief in opposition, (see Doc. 64). He simply posits that his need for accommodations informed the County's alleged discrimination and retaliation against him. Therefore, we need not address this issue.
[9] So long as a district court has jurisdiction over a case, it has "the inherent power to reconsider prior interlocutory orders" when consonant with justice to do so. State Nat'l Ins. Co. v. County of Camden, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) (citing United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) ). In our memorandum opinion addressing defendants' motion to dismiss, we allowed Duran's tortious interference claim to survive Rule 12 scrutiny based on the ostensible applicability of this exception. Duran v. Cty. of Clinton, No. 4:14-CV-2047, 2015 WL 5675580, at *11 (M.D. Pa. Sept. 25, 2015). Having now found that the exception recognized by these courts rests on unsound footing, we conclude that our application thereof was in error. We will therefore vacate the portion of our opinion permitting Duran to proceed on his claim for tortious interference with contractual relationships.
--------